United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIA-GMI, LLC, a Florida Limited Liability Company,<br><br>                 Plaintiff,<br>v.<br><br>DANIEL R. MICHENER, an individual, JAMES M. MCWALTERS, an individual, CHARLES D. TOY, an individual, ALLAN M. DUNN, an individual, LARRY J. AUSTIN, an individual, W. DENMAN VAN NESS, an individual, MICHAEL P. SALUCCI, an individual, COMPUTER AND SOFTWARE ENTERPRISES, INC., a California corporation, PANGAEA HOLDINGS, LLC, a dissolved Delaware limited liability company, and PANGAEA TRADING CORPORATION, a Delaware corporation<br><br>Defendants. | No. C 06-7949 SBA<br><br>**ORDER**<br><br>[Docket No. 22] |

On March 1, 2007, plaintiff GIA-GMI, LLC ("Plaintiff") filed the instant Ex Parte Motion to Enlarge Time in Which to Answer Under Local Rule 6-3 ("Motion"). Having considered Defendants' Motion and the written Opposition thereto, the Court hereby DENIES Defendant's Motion.

**BACKGROUND**

There are ten defendants in this case (collectively "Defendants"). On the last day in which to answer, February 26, 2007, Defendants a filed 12(b)(6) motion to dismiss the first three counts of the six-count complaint. The three causes of action were directed at only two of the ten defendants. On the same day, the remaining eight non-moving Defendants requested a further extension of time in which to answer, which had already been extended by stipulation by Plaintiff; Plaintiff denied the

request. Three days after the deadline had passed, on March 1, 2007, rather than answer, the remaining eight Defendants filed the instant ex parte motion to enlarge time to 20 days after the April 3, 2007 hearing on the 12(b)(6) motion.

The 12(b)(6) motion addresses only three of the six causes of action, which were directed at the two moving parties. The other three causes of action are directed towards the remaining non-moving parties, who now bring the instant motion.

## ANALYSIS

The only grounds Defendants give for the requested enlargement are "the interests of judicial economy," which defendants do not expand upon, and that because "[m]ost of the claims asserted are based on factual allegations common to all defendants," it would be "costly" and "burdensome" to require the remaining eight Defendants to prepare and file answers while the other two Defendants' 12(b)(6) motion is pending. Mot. at 2:4; 2:2-23.

**The Motion is DENIED for the following reasons:**

1. The Motion is untimely as it was filed three days after the deadline has passed, rather than 10 days *before* the deadline as required by Local Rule 6-1(b).

2. The 12(b)(6) motion only addresses causes of action that were not directed towards the Defendants now seeking the enlargement. While there may be factual issues common to all causes of action, the remaining eight Defendants were not properly parties to the 12(b)(6) motion and therefore their time to answer is not tolled under Federal Rule of Civil Procedure 12(a)(4)(A).

3. Local Rule 6-3 requires that the moving part identify the "substantial harm or prejudice" that would occur if the enlargement were not granted. L.R. 6.3(a)(1)(3). The only "harm" defendants identify is that it would be "costly" and "burdensome" to require an answer. This does not rise to the level of a *substantial* harm as required by Local Rule 6-3 .

## CONCLUSION

IT IS HEREBY ORDERED THAT the Defendants' Ex Parte Motion to Enlarge Time in

Which to Answer Under Local Rule 6-3 is DENIED.

IT IS FURTHER ORDERED THAT Defendants James M. McWalters, Charles D. Toy, Larry J. Austin, W. Denman Van Ness, Michael P. Salucci, Computer and Software Enterprises, Inc., Pangea Holdings, LLC, and Pangea Trading Corporation must file their answers to Plaintiff's Complaint no later than seven days after the date of this order.

IT IS SO ORDERED.

Dated: 3/13/07

SAUNDRA BROWN ARMSTRONG
United States District Judge